IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROADCAST MUSIC, INC., et al, <br><br> Plaintiffs, <br><br> v. <br><br> HIPPOCRATES DELIGIANNIS, ANNA'S BAR-B-Q PIT, LTD., d/b/a BAR-B-Q PIT, and ANNA DELIGIANNIS, <br><br> Defendants. | CIVIL ACTION <br> NO. 14-2045 |

## MEMORANDUM OPINION

**Schmehl, J.  /s/ JLS**                                                                 **March 30, 2016**

### I.     INTRODUCTION

Plaintiff, Broadcast Music, Inc. ("BMI"), brought this suit for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*, on its own behalf on and on behalf of Concord Music Group, Inc., d/b/a Jondora Music, House of Cash, Inc., Less than Zero Music, Southfield Road Music, Fake and Jaded Music, Sony/ATV Songs, LLC, d/b/a Sony/ATV Melody, Moebetoblame Music, Abkco Music, Inc., EMI Blackwood Music, Inc., and Counting Crows, LLC, d/b/a Jones Fall Music, the owners of the copyrights that are the subject of this action. Plaintiffs contend that Defendants permitted the performance of live music at the Bar-B-Q Pit without obtaining the proper licenses from BMI to allow public performances of said copyrighted music. Plaintiffs seek an injunction against further infringement, and statutory damages for each of eight (8) infringements, along with costs and attorneys' fees. Presently before the Court are the parties' cross-motions for summary judgment, as well as the Amended Motion for Summary Judgment of Defendants, Anna's Bar-B-Q Pit, Ltd. and Anna Deligiannis. For

the following reasons, Plaintiffs' Motion for Summary Judgment is granted as to Defendants, Anna's Bar-B-Q Pit, Ltd. and Anna Deligiannis, and denied as to Defendant Hippocrates Deligiannis. The Motions for Summary Judgment of Defendants, Anna's Bar-B-Q Pit, Ltd. and Anna Deligiannis, are denied and the Motion for Summary Judgment of Defendant, Hippocrates Deligiannis is granted.

## II.   LEGAL STANDARD

Summary judgment should be granted if the record, including pleadings, depositions, affidavits, and answers to interrogatories demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c).  In making that determination, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  A fact is "material" if it might affect the outcome of the suit under the governing law and "genuine" if a reasonable jury could find for the nonmoving party based on the evidence presented on that issue. Anderson, 477 U.S. at 251-52.

## III.   FACTUAL BACKGROUND

BMI is a "performing rights organization" that licenses the right to publicly perform copyrighted musical material on behalf of the copyright owners of the music. 17 U.S.C. § 101. BMI acquires non-exclusive public performance rights from copyright holders such as Plaintiffs in this matter, and grants music users such as the owners and operators of restaurants, nightclubs and hotels, the right to publicly perform any of the works in its collection by means of blanket license agreements." (See Lloyd Affidavit, attached to Pls' MSJ, Dkt No. 38, at ¶ 2,3.)

BMI is a non-profit making organization. After deducting operating expenses and reasonable reserves, BMI distributes all of the license fees it collects from music users such as restaurants and nightclubs as royalties to its affiliated publishers and composers. (Lloyd Aff. at ¶ 4.)

It is undisputed that Defendant, Anna's Bar-B-Q-Pit, Ltd., owned and operated the Bar-B-Q Pit located at 4741 Penn Avenue, Sinking Spring, PA 19608 (hereinafter "the Bar-B-Q Pit") (See Defs' Answers to Interrogatories Nos. 1-3, Dkt No. 38, Ex. A). It is also undisputed that Anna Deligiannis had 100% ownership interest in Anna's Bar-B-Q Pit, Ltd. (Id., No. 2.) Anna's Bar-B-Q Pit, Ltd. took control of the restaurant in question on or about December 10, 2012. (See Anna's Statement of Material Facts, Dkt. No. 66, ¶ 3.) Anna Deligiannis holds a lease wherein she leases the 4741 Penn Avenue, Sinking Spring premises as Anna's Bar-B-Q Pit, Ltd, from Hippocrates Deligiannis and Grecian Terrace Apartments. (Id., ¶ 4.) Further, it is undisputed that Defendant Hippocrates Deligiannis owned the liquor license affiliated with the Bar-B-Q Pit at all relevant times. (See Dkt No. 38, Exs. B, N.)

At the time in question, The Bar-B-Q Pit regularly featured performances of live and recorded music. BMI claims that between August 2012 and February 2014, it repeatedly informed Defendants of the need to obtain a license for public performances of copyrighted music to take place at the Bar-B-Q Pit. (See Dkt No. 38, Ex. E at ¶¶ 3,5,7,13 and 14.) BMI further claims that it offered to enter into a license agreement with Defendants. (Id. at ¶ 10.) It is undisputed that Defendants did not enter into a license agreement with BMI prior to the filing of the instant matter. Defendants contend that Anna's Bar-B-Q Pit, Ltd. never received any correspondence from Plaintiffs that

informed them of the need to obtain a license from BMI; rather, Defendants claim that BMI sent a total of twenty-five (25) letters to 4741 Penn Avenue, Sinking Spring, PA addressed to Hippocrates or "Lucky" Deligiannis and/or to "The Bar-B-Q Pit," and not addressed to the proper person or proper corporation. (Dkt No. 66, ¶ 8, Ex. E.) In addition, on June 13, 2013, BMI sent a Cease and Desist Notice to Hippocrates Deligiannis at The Bar-B-Q Pit. Further, BMI telephoned the Bar-B-Q Pit on thirty-three (33) occasions to discuss Defendants' need to obtain a license. (Dkt No. 38, Ex. E at ¶ 9.) On three (3) of those calls, BMI personnel spoke with Hippocrates Deligiannis and on one occasion, they spoke with Eleni Deligiannis, an employee of the Bar-B-Q Pit. (Id.)

On January 11, 2014, BMI sent an investigator out to Bar-B-Q Pit to document any live music that was being played on that date. (Id. at ¶ 11.) The investigator prepared a written report of the songs played at Bar-B-Q Pit that night, which included the songs that are the subject of this infringement action. (Id.)

Plaintiffs commenced this action for copyright infringement on April 8, 2014. It raises a copyright infringement cause of action for each of eight songs set forth in the Schedule attached to the complaint. Defendants claim that Anna's Bar-B-Q Pit, Ltd., attempted to purchase a BMI license by submitting to them an application for said license and a check on November 2, 2014 (after Plaintiffs had commenced this litigation), and that BMI never cashed the check or responded to Defendants' application. (See Dkt No. 66, Ex. F.) The parties have filed cross-motions for summary judgment, and with permission of the Court, were permitted to file amended motions for summary judgment, if necessary.

## IV. DISCUSSION

### A. LIABILITY

United States copyright law "[vests] in the owner of a copyrighted musical composition the exclusive right to perform the work publicly for profit, but the legal right is not self-enforcing." Broadcast Music, Inc. v. Columbia Broadcasting System, Inc., 441 U.S. 1, 4, 99 S.Ct. 1551, 60 L.Ed.2d 1 (1979). Organizations like BMI exist to detect inappropriate uses of copyrighted material and enforce the rights of copyright owners. (Id.) In order to prevail in an action for copyright infringement, Plaintiffs here must establish five elements: 1) originality and authorship of the copyrighted works involved; 2) compliance with the formalities of the Copyright Act; 3) proprietary rights in the copyrighted works involved; 4) public performance of the compositions involved; and 5) lack of authorization for public performance. A & N Music Corp. v. Venezia, 773 F.Supp. 955, 956 (E.D. Pa. 1990).

Plaintiffs have submitted the declaration of Hope Lloyd, Assistant Vice President, Legal of BMI. (See Dkt No. 38, Ex. D.) Lloyd's declaration states that BMI "acquires non-exclusive public performance rights" from copyright owners, then licenses the right to publicly perform any of these works in BMI's repertoire through "blanket license agreements." (Id. at ¶ 2-3.) Once an establishment acquires such a license from BMI, it can perform any of the over 8.5 million songs in the BMI music library. (Id. at ¶ 3.) Lloyd also states that each of the eight songs here in question has a valid copyright, and that the owners of the copyrights (the other plaintiffs in this matter) have granted BMI the right to pursue actions for infringement of the public performance rights in their musical compositions and to seek damages for such infringement. (Id. at ¶ 5-6.) Attached to

Plaintiffs' Motion for Summary Judgment is documentation establishing the registration and ownership of the copyrights in question. (Dkt No. 38, Ex. D.) In the instant matter, Defendants do not argue the validity of the copyrights, nor do they dispute BMI's right to enforce said copyrights in the context of public performance. Accordingly, Defendants have not disputed the first three elements of originality, proper registration and proprietary interest, and the Court finds that Plaintiffs have proven these elements.

As to the fourth element, public performance, Plaintiffs submit evidence of a Certified Infringement Report prepared by Stephanie Fallon, who was hired by BMI to visit the Bar-B-Q Pit and make written reports of what music was being played. (Dkt No. 38, Ex. E, ¶ 11; Ex. C to Ex. E.) Ms. Fallon reported that the eight songs in question were performed at the Bar-B-Q Pit on January 11, 2014. (Id.) Defendants do not dispute that live performances of the 8 songs in question occurred. Rather, Defendants have argued that Ms. Barron, the investigator who prepared the Certified Infringement Report, was paid by BMI and therefore, had a "financial motive to lie," suggesting that Ms. Barron's credibility is at issue, and therefore, summary judgment is inappropriate. (See Defs' Brief in Opposition to Plaintiffs' MSJ, Dkt. No. 47, p.3.) However, numerous courts have found that performance of live music in such a case may be established by a certification such as the one submitted in the instant matter. Broadcast Music, Inc. v. Pine Belt Investment Developers, Inc., 667 F.Supp. 1016, 1020 (S.D. Miss. 1987) (finding that the fourth element is established by affidavit of a BMI representative who made a written report of music being publicly performed at defendant's place of business); Sailor Music v. Mai Kai of Concord, Inc., 640 F.Supp. 629 (D.N.H. 1986) (finding that the fourth element is established through the unrebutted affidavits of ASCAP representatives who

saw live performances at Defendant's restaurant). Accordingly, I find as a fact that the eight songs in question were being played live at Defendants' establishment and the fourth element has been met.

As to the final element of a copyright claim, lack of authorization, Plaintiffs have proven that Defendants did not have a license to perform any of the songs in question. (Ex. E, ¶ 11.) Further, Defendants have not argued that they had the requisite llicense for performance of the live music in question. Therefore, I find that the fifth element of a copyright claim has been met.

In response to Plaintiffs' Motion for Summary Judgment, Defendants argue that summary judgment should be denied to plaintiffs because "they did not perform due diligence with respect to the proper Defendant." (Dkt No. 66, unnumbered p. 8.) Defendants further argue that BMI asserts that notice was given to Anna's Bar-B-Q Pit, Ltd., "a requirement to obtain licensing permission for public performances of copyrighted music" and that the "letters and several Cease and Desist notices" were all mailed to Mr. Deligiannis, and The Bar-B-Q Pit, which was a "closed business that operated at the same location." (Id.) Defendants focus their argument on the fact that BMI "did not send one letter to Anna's Bar-B-Q Pit, Ltd., although the entity was registered in the Pennsylvania Corporate Business Department of State filings as early as October 5, 2012." (Id., at unnumbered p. 9.)[1]

---

[1] On September 9, 2015, Defendants, Anna's Bar-B-Q Pit, Ltd., and Anna Deligiannis, obtained new counsel, who filed a Pre-Trial Memorandum in which, for the first time in this litigation, Defendants brought up the defenses of derivative use and fair use. As Defendants did not argue fair use or derivative use in their Motion for Summary Judgment, Amended Motion for Summary Judgment, or in their opposition to Plaintiffs' Motion for Summary Judgment, I assume Defendants are not pursuing those defenses in this copyright action. Therefore, I will not address those two issues in this opinion.

7

Defendants' argument misses the mark for several reasons. First, nothing in the Copyright Act requires BMI to provide notice to a restaurant or similar establishment that they are required to obtain a license for live music. Rather, the notice or lack thereof is more relevant to damages in this matter, as damages are determined by examining, in part, the willfulness of the violations. Defendants cite no case law that would excuse their infringement because of this alleged lack of notice. See Broadcast Music, Inc. v. It's Amore Corp., 2009 WL 1886038 (M.D. Pa., June 30, 2009) (finding that difficulty in negotiating the cost of a license with BMI does not excuse defendant's infringement; rather, this argument better addresses the willfulness of the violations). Defendants' argument regarding notice will be discussed more fully in section B below as it pertains to the willfulness of the violations.

Anna's Bar-B-Q Pit, Ltd. is liable for the infringement that occurred at its restaurant. Courts have held that the performer of copyrighted material without a license has infringed the copyright, but so has the "entrepreneur who sponsors such a performance." Twentieth Century Music Corp. v. Aiken, 422 U.S. 151, 157 (1975). Here, it is indisputable that Anna's Bar-B-Q Pit, Ltd. sponsored the infringing performances, since it was the owner of the restaurant where the performances took place. Further, Defendant Anna Deligiannis is the sole shareholder of Anna's Bar-B-Q Pit, Ltd., and controls the Bar-B-Q Pit, as the sole shareholder of the corporate owner of the restaurant. Courts have repeatedly found that corporate officers can be held liable as joint tortfeasors in a copyright infringement action where the officer was the dominant force in the corporation and determined the policies which resulted in the infringement. See Sailor Music, 640 F. Supp. at 633; Broadcast Music, Inc. v. It's Amore Corp., 2009 WL

1886038 at *5. Further, "one may be vicariously liable if he has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." Id., quoting Boz Scaggs Music v. KND Corp., 491 F.Supp. 908, 913 (D. Conn. 1980). As Defendant Anna Deligiannis has 100% ownership interest in, and is 100% owner and operator of Anna's Bar-B-Q Pit, Ltd., (Dkt. No. 38, Ex A, Nos. 2-3), she should be held liable for the infringement that occurred on her premises. Therefore, I will also grant Plaintiffs motion for summary judgment as to Defendant Anna Deligiannis.

As to Defendant, Hippocrates Deligiannis, Plaintiffs argue that since Hippocrates Deligiannis owned the liquor license for the establishment in question during the relevant time period, he should be found to be "in control of the operation of the Establishment" pursuant to the Pennsylvania Liquor Code, (Dkt No. 38, p. 7, citing 47 Pa. C.S. 101 et. seq.) and therefore, can be held liable for copyright violations that occurred at the establishment.

The record establishes that Hippocrates Deligiannis is in fact the owner of the liquor license at the Bar-B-Q Pit. (Dkt No. 38, Ex. N.) Further, Mr. Deligiannis claims that he leases the liquor license to Anna's Bar-B-Q Pit, Ltd. (Dkt No. 37, H. Deligiannis's MSJ, Ex A.) Plaintiffs argue that Mr. Deligiannis' liquor license states on its face that the "License is NOT ASSIGNABLE and is valid for use only by the Licensee [Mr. Deligiannis] at the above designated location." (Dkt No. 38, Ex. B.) Therefore, Plaintiffs argue that Pennsylvania law does not permit the owner of a liquor license to assign or lease the license to any other entity, that despite his attempts to lease it to Anna's Bar-B-Q Pit, Ltd., Mr. Deligiannis cannot assign the license, and therefore, under the Pennsylvania liquor laws, Mr. Deligiannis "had an obligation to direct and control the

activities of the establishment," making him liable for copyright violations committed at the establishment. (Dkt No. 45, Pls' Br in Opposition to H. Deligiannis' MSJ, p. 4.) In short, Plaintiffs argue that, as the holder of the liquor license, Mr. Deligiannis had a direct pecuniary interest in the establishment that is the infringer and therefore must be held vicariously liable. (Id.) Plaintiffs want this Court to find that because the Pennsylvania Liquor Control Board considers Mr. Deligiannis to have been "in control" of the establishment at the time the violations took place, he is also responsible for the copyright violations in question. In other words, "Defendant Hippocrates Deligiannis is liable for infringements that took place at Anna's Bar-B-Q Pit, Ltd. due to his financial interest in the establishment." (Dkt No. 70, p. 4.)

After a thorough review of the record in this matter, I find that there is insufficient evidence of record to hold Hippocrates Deligiannis liable for the copyright violations at issue. There is no evidence that he had any financial interest in Anna's Bar-B-Q Pit, Ltd., and I could find no record of any court anywhere that has ever assigned responsibility to a liquor license holder under these facts. It is entirely possible that liquor license violations were committed by Mr. Deligiannis, but the mere fact that Mr. Deligiannis was the holder of the liquor license for the establishment is insufficient to prove that Mr. Deligiannis ever supervised or oversaw the establishment, or had a direct financial interest in it so as to hold him legally responsible for the copyright violations that occurred there. Accordingly, I will deny Plaintiffs' motion for summary judgment as to Hippocrates Deligiannis and grant Mr. Deligiannis' motion for summary judgment as to Plaintiffs.

In sum, I find that Plaintiffs have established liability against Anna's Bar-B-Q Pit, Ltd., and Anna Deligiannis on all five elements necessary to prove copyright infringement. Accordingly, I will grant summary judgment in favor of Plaintiffs and against Defendants Anna's Bar-B-Q Pit, Ltd., and Anna Deligiannis on the copyright infringement claim. Further, I will deny the Motions for Summary Judgment of Defendants, Anna's Bar-B-Q Pit, Ltd., and Anna Deligiannis, and will grant summary judgment in favor of Defendant, Hippocrates Deligiannis, on the copyright claims.

### B. DAMAGES

Plaintiffs seek damages against all defendants for copyright violations in the form of a permanent injunction barring Defendants from further infringing on Plaintiffs' copyrights, monetary damages, costs and attorneys' fees. Each measure of damages will be discussed fully below.

### 1. Permanent injunction

Plaintiffs seek injunctive relief to prevent Defendants from further copyright violations. The Copyright Act provides that a court may "grant temporary or permanent injunctions on such terms as it may deem reasonable to prevent or restrain infringement of copyright." 17 U.S.C. § 502(a). It has been held that "[w]hen past infringement and a substantial likelihood of future infringements is established, a copyright holder is ordinarily entitled to a permanent injunction against the infringer." A & N Music, 733 F.Supp. 957. In the instant matter, Plaintiffs have established liability, as discussed above. However, Defendants have demonstrated a desire to obtain a license from BMI, as evidenced by the application and check that is attached to Defendants' Supplemental Amended Motion for Summary Judgment. (Dkt No. 66, Ex. F.). Accordingly, I will grant

a permanent injunction up to the time when Defendants obtain an appropriate license. Once said license is obtained, the injunction will end.

### 2. Monetary damages

Plaintiffs seek the sum of $2,500.00 per violation, arguing that the copyright violations at issue were willful. Pursuant to the Copyright Act, a plaintiff is entitled to statutory damages "in a sum of not less than $750 or more than $30,000" per infringement in lieu of an award representing Plaintiffs' actual damages and Defendants' profits. 17 U.S.C. § 504(c)(1). In addition, if a copyright owner can prove "that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. 17 U.S.C. § 504(c)(2).

In this matter, Plaintiffs argue that the record supports a finding that Defendants acted willfully, "deliberately violated Plaintiffs' rights," and are therefore entitled to damages in excess of the statutory minimum. (Dkt No. 39, p. 12.) Plaintiffs are requesting a total award of $20,000 for the eight acts of infringement, which is approximately $2,500.00 per infringement.

As evidence of willfulness, Plaintiffs argue Defendants knew that they were obligated to obtain a license because numerous letters were sent to Hippocrates Deligiannis and numerous phone calls were made to the restaurant which discussed the need for the Bar-B-Q Pit to obtain a license. However, as pointed out by Defendants, none of the letters were addressed to Anna's Bar-B-Q Pit, Ltd., and/or Anna Deligiannis, and as discussed above, I have determined that Hippocrates Deligiannis is not legally responsible for copyright infringement in this matter. Accordingly, I find that lacking correspondence sent to the proper defendants, I cannot determine that Defendants'

violations were willful. Therefore, I award statutory damages in the amount of $750 per infringement, for a total of $6,000.00.

### 3. Attorneys' Fees and Costs

The Copyright Act expressly provides that the "court may also award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Plaintiffs' attorney is requesting $24,910.50 in attorneys' fees. (See Dkt No. 38, Ex. O, dec. of Dennis Sheaffer.) I find that a reasonable fee in this matter is $20,000.00. Accordingly, I award Plaintiffs $20,000.00 in attorneys' fees.

The Copyright Act also allows a court to award the recovery of costs, at its discretion. 17 U.S.C. § 505. In this matter, Plaintiffs have requested $190.00 in investigative costs, which I will award. In total, Defendants, Anna's Bar-B-Q Pit. Ltd. and Anna Deligiannis will be required to pay a total of $20,190.00 in costs and attorneys' fees.

## V. CONCLUSION

Accordingly, for the reasons set forth above, I will grant Plaintiffs' motion for summary judgment as to Defendants, Anna's Bar-B-Q Pit, Ltd. and Anna Deligiannis, and I will deny Plaintiffs' motion for summary judgment as to Hippocrates Deligiannis. Further, I will grant the motion for summary judgment of Defendant, Hippocrates Deligiannis, as to Plaintiffs, and deny the motions for summary judgment of Defendants, Anna's Bar-B-Q Pit, Ltd. and Anna Deligiannis. I will also grant Plaintiffs' request for a permanent injunction and award Plaintiffs $6,000.00 in damages and $20,190.00 in costs and attorneys' fees. An appropriate order follows.